FILED
SEP - 6 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MILOT CADICHON | No. **18 CR 558**<br>Violations: Title 18, United States Code, Sections 371 and 666<br>**JUDGE DOW**<br>**MAGISTRATE JUDGE WEISMAN** |

### COUNT ONE

The SPECIAL DECEMBER 2017 GRAND JURY charges:

1. At times material to this indictment:

    a. The City of Chicago was a local government located in Cook County and the Northern District of Illinois. The functions and services provided by the City on behalf of its residents were coordinated through various agencies and departments. The Chicago Police Department was the principal law enforcement agency of the City of Chicago. The Chicago Police Department received in excess of $10,000 in federal funding for each calendar year from 2015 through 2017.

    b. Richard Burton owned and operated the National Attorney Referral Service, a company that had a Post Office Box in Bloomingdale, Illinois. Burton and the National Attorney Referral Service recruited clients for attorneys and received compensation from attorneys in exchange for the referrals.

    c. Defendant MILOT CADICHON was employed by the Chicago Police Department as a police officer from approximately 1998 through and including 2017. CADICHON was an agent of the Chicago Police Department during his tenure as a police officer.

1

d. The Chicago Police Department required its officers to follow the Department's Rules and Regulations and General Orders. Chicago Police Department Rule 4 prohibited officers from any conduct or action taken to use the official position for personal gain or influence. Chicago Police Department Rule 48 prohibited officers from soliciting or accepting any gratuity, or soliciting or accepting a gift, present, reward, or other thing of value for any service rendered as a Department member, or as a condition for the rendering of such service, or as a condition for not performing sworn duties.

e. In the City of Chicago, traffic crash reports were either filled out by a police officer who appeared on the scene of an accident, or by a complainant appearing in person at a local police station.

f. Copies of traffic crash reports were not immediately available to the public. After a period of processing that could range from 24 hours to several weeks, a member of the public could request a copy of a traffic crash report from the Chicago Police Department for a fee.

g. Chicago police officers had access to traffic crash reports. Police officers were permitted to access traffic crash reports if they had a legitimate law enforcement purpose for doing so. Police officers were not permitted to access or disclose information contained in traffic crash reports for non-law enforcement purposes.

h. Chicago Police Department Special Order S04-07-08, entitled, "Processing Illinois Traffic Crash Reports," provided, in part, that "District members will not distribute copies of Illinois Traffic Crash Reports to non-Department members but will direct them to the Records Inquiry Section, Records Division, to obtain copies."

i. MoneyGram was an electronic money transfer service that sent money from one party to another by interstate wire. Wire transfers through MoneyGram traveled in interstate commerce.

2. From no later than in or about 2015 and continuing until in or about October 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MILOT CADICHON,

defendant herein, knowingly conspired and agreed with Richard Burton to commit an offense against the United States, that is, to use and cause to be used a facility in interstate commerce with the intent to promote, manage, and carry on, and to facilitate the promotion, management, and carrying on, of an unlawful activity, namely, bribery in violation of 720 ILCS 5/33-1, and thereafter, did perform and attempt to perform an act of promotion, management, and carrying on, and facilitation of the promotion, management, and carrying on, of the unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

<u>Manner and Means of the Conspiracy</u>

3. It was part of the conspiracy that CADICHON disclosed to Burton traffic crash reports and information contained in the reports, including contact information for accident victims from police officers, contrary to the Chicago Police Department's policy governing the disclosure of such reports.

4. It was further part of the conspiracy that CADICHON provided information to Burton in various ways, including using a cellular telephone to send victims' contact information by text message.

5. It was further part of the conspiracy that Burton paid CADICHON money so that CADICHON would provide Burton early access to traffic crash reports and information contained

in the reports, before the reports and information were publicly available. Burton paid CADICHON at least approximately $7,350 in exchange for traffic crash reports and information CADICHON provided.

6. It was further part of the conspiracy that Burton paid CADICHON cash bribes in person and also used MoneyGram and other wire transfer services to pay bribes to CADICHON.

7. It was further part of the conspiracy that Burton used the traffic crash reports from CADICHON to solicit accident victims as clients for attorneys and to obtain a financial benefit from the disclosure and use of the contact information of accident victims.

8. It was further part of the conspiracy that Burton and CADICHON concealed, misrepresented and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy, and acts done in furtherance of the conspiracy.

Overt Acts

9. In furtherance of the conspiracy and to effect its unlawful objectives, CADICHON and Burton committed and caused to be committed the following overt acts, among others:

   a. On or about January 13, 2017, CADICHON sent Burton a text message containing information from traffic crash reports, including contact information for accident victims.

   b. On or about January 15, 2017, Burton caused a wire transfer to be sent for approximately $225, payable to CADICHON.

   c. On or about May 18, 2017, CADICHON sent Burton a text message containing information from traffic crash reports, including contact information for accident victims.

   d. On or about May 20, 2017, Burton caused a wire transfer to be sent for

4

approximately $450, payable to CADICHON.

   e. On or about June 24, 2017, CADICHON sent Burton a text message containing information from traffic crash reports, including contact information for accident victims.

   f. On or about June 30, 2017, Burton caused a wire transfer to be sent for approximately $300, payable to CADICHON.

   g. On or about August 3, 2017, CADICHON sent Burton a text message containing information from traffic crash reports, including contact information for accident victims.

   h. On or about August 4, 2017, Burton caused a wire transfer to be sent for approximately $375, payable to CADICHON.

 All in violation of Title 18, United States Code, Section 371.

## **COUNT TWO**

The SPECIAL DECEMBER 2017 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2. From no later than in or about 2015 and continuing to on or about December 1, 2017, at Chicago, in the Northern District of Illinois and elsewhere,

MILOT CADICHON,

defendant herein, being an agent of the Chicago Police Department, an agency that received federal benefits in excess of $10,000 in the twelve-month period from January 1, 2017, through December 31, 2017, corruptly accepted and agreed to accept things of value, namely, cash payments, intending to be influenced and rewarded in connection with any business, transaction, or series of transactions of the Chicago Police Department involving a thing of value of $5,000 or more, namely, non-public information contained in Chicago Police Department reports;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY