UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MILOT CADICHON | No. 18 CR 558-1<br><br>Judge Robert M. Dow, Jr. |

**GOVERNMENT'S POSITION PAPER AS TO SENTENCING FACTORS**

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits its position paper as to sentencing factors, and asks this Court to impose a sentence within the applicable Guidelines range of 30 to 37 months' imprisonment.

**I.  FACTUAL BACKGROUND**

Defendant Milot Cadichon is a Chicago Police Officer who used his access to traffic accident reports to obtain private benefits. Starting in 2016, and continuing through 2017, defendant accepted bribes from Richard Burton, the owner of the National Attorney Referral Service, in exchange for defendant providing Burton with traffic crash report information (such as names and contact information of parties involved in accidents) prior to the information being publicly available. *See* Presentence Investigation Report ("PSR") at ¶ 13. Defendant sent this information to Burton by text message, and in exchange, received cash or money orders from Burton. *Id*. at ¶¶ 13-15. Defendant has admitted that he received more than $10,000 in bribes from Burton, in exchange for giving Burton information from approximately 50 to 100 crash reports per month. *Id*. at ¶¶ 15-16.

1

## II. THE CORRECT GUIDELINES CALCULATION IS 30 to 37 MONTHS' IMPRISONMENT.

The government agrees with the Probation Officer's Guidelines calculations. PSR at ¶¶ 24-36. The base offense for the Count One conspiracy, pursuant to Guideline § 2C1.1(a)(1), is 14 because the underlying conduct is bribery. PSR at ¶ 25. The base offense is increased by two levels, pursuant to Guideline § 2C1.1(b)(1), because the offense involved more than one bribe. PSR at ¶ 26. The offense level is further increased by two levels, pursuant to Guideline § 2C1.1(b)(2) and § 2B1.1(b)(1)(B), because the value of the payments exceeded $6,500 but was less than $15,000. PSR at ¶ 27. Defendant urges the Court not to apply an enhancement for the value of the bribe, because defendant received the money over many small bribes, instead of one single large bribe. The Guidelines contain no such limitation. Guideline § 2C1.1(b)(2) includes the combined value of bribes received as part of "the offense of conviction and all relevant conduct." *United States v. Richard*, 775 F.3d 287, 297 (5th Cir. 2014). Here, defendant's conspiracy offense included all of the bribes he accepted from Burton, which totaled more than $10,000.

Finally, the offense level is increased by four levels, pursuant to Guideline § 2C1.1(b)(3), because the offense involved a public official in a sensitive position. PSR at ¶ 28. Defendant argues that this enhancement is not applicable here, because he was only a patrol officer, and not an officer with a high-level position. The commentary to Guideline § 2C1.1(b)(3) explicitly identifies a police officer as a person holding a sensitive position, to whom the enhancement is applicable. U.S.S.G. § 2C1.1 cmt. n.4(B). This makes sense, because law enforcement officers, including patrol officers, have direct authority to make decisions for or on behalf of the government that commissions them, including by making arrests. *See Foley v. Connelie*, 435 U.S. 291, 297 (1978)

2

("Police officers in the ranks do not formulate policy, per se, but they are clothed with authority to exercise an almost infinite variety of discretionary powers."); *see id.* ("An arrest, the function most commonly associated with the police, is a serious matter for any person even when no prosecution follows or when an acquittal is obtained."); *Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1346 (7th Cir. 1985) (noting that law-enforcement officials invoke "the awesome power of arrest and detention.").

Consistent with this rationale, other Courts of Appeals have held that Guideline § 2C1.1(b)(3) applies to police officers, regardless of whether they are patrol officers or hold leadership positions. For example, in *United States v. Johnson*, 605 F.3d 82, 83–84 (D.C. Cir. 2010), the D.C. Circuit rejected the defendant's argument—like defendant's argument in this case—that a "simple and unadorned" police officer does not hold a "sensitive position." The Court held that, "[w]hatever the precise scope" of the term, "sensitive position," the Guideline "certainly includes law enforcement officers, like Johnson, who are charged with the power to make arrests— a sensitive power if there ever was one." *Id*.

The D.C. Circuit also explained that its conclusion was consistent with the history of the commentary to Guideline § 2C1.1:

> Prior to 2004, the commentary used "supervisory law enforcement officers" as examples of public officials who hold sensitive positions. U.S.S.G. § 2C1.1 cmt. 1 (2003) (emphasis added). As the Seventh Circuit described this previous standard, "[c]overed officials ... typically supervise other employees, make public policy, stand in the shoes of a policymaker, or influence policymakers." *United States v. Reneslacis*, 349 F.3d 412, 415 (7th Cir.2003) (citations omitted). Clearly, the Sentencing Commission knows how to describe a subset of law enforcement officers. But the Commission changed the commentary in 2004 by dropping the word "supervisory" from its reference to law enforcement officers and adding the current definition of sensitive position. See U.S.S.G. § 2C1.1 cmt. 4 (2004). In light of these changes, we see no inconsistency between the commentary's definition and its example.

*Johnson*, 605 F.3d at 84; *see also* U.S.S.G. App. C, amend. 666 (Supp. 2004).

Defendant should be given a three-point reduction for acceptance of responsibility, pursuant to Guideline § 3E1.1(a) and (b). PSR at ¶¶ 34-35. The adjusted offense level for Count One, therefore, is 19.

Defendant is in criminal history category I, resulting in an advisory Guidelines range of 30 to 37 months' imprisonment.

### III. APPLICATION OF SECTION 3553(a) FACTORS

The facts of this case, together with the factors set forth in 18 U.S.C. § 3553(a)—in particular, the need to reflect the value our society places on the integrity of our law enforcement officers and the harm that is caused when that integrity is lost—demands a meaningful sentence of incarceration within the applicable Guidelines range.

The seriousness of defendant's crime lies not in the importance of traffic crash reports—reports that, as the defense notes, eventually can be accessed publicly for a fee—but in the significance of a police officer accepting a bribe in exchange for providing a member of the public with access to information intended, at that time, only for police use. In this context, it was traffic reports; in another context, it could have been other sensitive information whose disclosure could risk public or private safety. In exchange for private financial gain (and a relatively small amount of gain), defendant compromised his integrity, and public trust in police officers.

In addition, defendant's crime was not a momentary lapse in judgment or a stray, accidental disclosure. While defendant touts the fact that each bribe was small, this actually is aggravating: The conspiracy spanned approximately two years. Every week or two, defendant collected information from dozens of traffic crash reports and transmitted it to Burton, in exchange for

4

payment. At any point across the dozens of transactions and interactions he had with Burton, he could have reconsidered, or stopped—but he didn't.

This Court should give significant weight to the need to provide general deterrence to others who may commit future crimes of this sort. *See* 18 U.S.C. § 3553(a)(2)(B). Defendant asks for a sentence of probation. This would send a message that corrupt police officers may be excused. In contrast, a meaningful sentence of incarceration would send a strong message of deterrence to those who are tempted to personally profit through bribery and kickback arrangements.

### IV.  SUPERVISED RELEASE CONDITIONS

In *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the Seventh Circuit held that sentencing courts must make an independent determination that each condition of supervised release imposed on a defendant is rationally and reasonably related to the offense conduct and characteristics, and to the sentencing purposes identified by 18 U.S.C. §§ 3583(c) and 3553(a)(1), (a)(2)(C), and (a)(2)(D). Additionally, the Court must state the reasons for imposing each condition, and ensure each condition is not broader than necessary to achieve the purposes of sentencing. *Id*.

In light of the Court's ruling in *Thompson*, the government concurs with most of the conditions of supervised release recommended by the Probation Officer, with the exception of drug testing, and asks the Court to impose the following conditions:

*Mandatory Conditions*

The following conditions are mandatory under 18 U.S.C. § 3583(d):

- Defendant shall not commit another federal, state, or local crime (Mandatory Condition #1).

- Defendant shall not unlawfully possess a controlled substance. (Mandatory Condition #2).

- Defendant shall submit to the collection of a DNA sample as directed by the probation officer. (Mandatory Condition #5).

- Defendant shall refrain from any unlawful use of a controlled substance. (Mandatory Condition #6). The government respectfully suggests that the second part of this condition—drug testing—is not necessary for defendant.

*Discretionary and Special Conditions of Supervision*

Under 18 U.S.C. § 3583(d), the Court has discretion to impose conditions of supervised release that are "reasonably related" to the factors set forth in 18 U.S.C. § 3553(a), that involve[ ] no greater deprivation of liberty than is reasonably necessary," to meet the goals of § 3553(a), and that are "consistent with any pertinent policy statements issued by the Sentencing Commission."

The following conditions are consistent with the factors set forth in § 3553(a) and should be imposed on the basis that they facilitate supervision by the probation officer, which is important here to promote defendant's respect for the law and deter the defendant from future crimes:

- Defendant shall provide financial support to dependents. (Discretionary Condition #1).

- Defendant shall seek and work conscientiously at lawful employment. (Discretionary Condition #4).

- Defendant shall refrain from knowingly meeting or communicating with any person he knows to be engaged, or planning to be engaged in, criminal activity. (Discretionary Condition #6).

- Defendant shall refrain from excessive use of alcohol..(Discretionary Condition #7).

- Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Discretionary Condition #8).

- Defendant shall participate in a mental health treatment program. (Discretionary Condition #9).

- Defendant shall not knowingly leave the federal judicial district where he is being supervised, unless granted permission to leave by the Court or a probation officer. (Discretionary Condition #14).

- Defendant shall report to the probation office as directed by the probation officer. (Discretionary Condition #15).

- Defendant shall permit the probation officer to visit the defendant at home, at work, or at another reasonable location, at any reasonable time, and to confiscate any contraband in plain view of the officer.[1] (Discretionary Condition #16).

- Defendant shall notify the probation officer, within 72 hours, of any change of residence, employment, or workplace. (Discretionary Condition #17).

- Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. (Discretionary Condition #18).

- If unemployed, defendant shall perform 20 hours a week of community service. (Special Condition #33).

- Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court. (Special Condition #11).

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: s/ Andrianna D. Kastanek
ANDRIANNA D. KASTANEK
ANKUR SRIVASTAVA
Assistant U.S. Attorney
219 South Dearborn Street, Room 500
Chicago, Illinois 60604

---

[1] An additional reason for this condition is that the defendant's knowledge that he is subject to the probation officer's scrutiny at any time will encourage compliance with the law.